UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

 vs                                 Case No. 4:09cv15/RH/WCS

FLORIDAUCC, INC.,
and
RUSSELL EDOUARD DONALDSON ROBINSON,

      Defendants.
_____

GOVERNMENT'S STATEMENT OF MATERIAL FACTS RELIED
UPON IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

      In accordance with Local Rule 56.1 (A), the United States submits the following statement of material facts as to which there are no dispute in support of its motion for summary judgment.

      1**.** The Defendant, Russell Edouard Donaldson Robinson is a convicted felon who was convicted after trial in the United States District Court for the District of the Virgin Islands in  Case No. 07-2369.  See  *United States v. Fleming***,** 287 Fed. Appx. 150 (3rd Cir. 2008), Exhibits 1, 2.

      2.  Since 2000, the Defendant Russell Edouard Donaldson Robinson has been involved in a number of matters filed with the Third Circuit Court of Appeals.  See Declaration of Marcia Waldron, Exhibit 1, and Declaration of Shannon Craven, Exhibit

2.

3.   Many of Defendant Robinson's pleadings have been filed *pro se* and involved a number of different type actions including direct criminal appeals, mandamus actions, and appeals in civil rights cases.  <u>See</u> Exhibits 1, ¶4, 2,¶ 4.  Most have not been successful.  <u>See</u> *United States v. Fleming***,** 287 Fed. Appx. 150 (3rd Cir. 2008), *In Re Robinson*, 230 Fed. Appx. 204 (3rd Cir. 2007), *In Re Robinson*, 168 Fed. Appx. 497 (3rd Cir. 2006), *In Re Robinson*, 132 Fed. Appx. 418 (3rd Cir. 2006), *United States v. Hendricks*, et al, 395 Fed. 3d. 173 (3rd Cir.  2005), *U.S. v. One "Piper" Aztec "F" De Luxe Model 250 PA 23 Aircraft Bearing Serial No. 27-7654057,* 321 F.3d 355 (3rd Cir.2003), and *U.S. v. Robinson*, 263 F.3d 160 (3rd Cir. 2001)(Table).

4.   Marcia Waldron, employed by the United States, is the Clerk of Court for the United States Court of Appeals for the Third Circuit and as such,  has the responsibility, directly and through her deputy clerks, of properly docketing submissions by parties before the United States Court of Appeals for the Third Circuit and further has the responsibility, either directly or through deputy clerks, of communicating to parties from time to time, including *pro se* appellants. <u>See</u> Exhibit 1, ¶ 1, 2.

5.   Shannon Craven, employed by the United States, is the Deputy Clerk of Court for the United States Court of Appeals for the Third Circuit and as such has been assigned the responsibility of properly docketing submissions made by Defendant Robinson in one or more of Defendant Robinson's appellate matters and, when circumstances required, further had the responsibility of forwarding information about

the action taken by the Third Circuit Court of Appeal, under the name of Marcia
Waldron, the Third Circuit Clerk of Court. *See* Exhibit 2, ¶ 1, 2.

6.   The Defendant, Florida UCC, Inc., is a corporation incorporated in the State
of Florida, which contracts with the State of Florida to maintain the Florida Secured
Transaction Registry (Registry) wherein the Defendant Florida UCC, Inc., accepts
Uniform Commercial Code filings, including financing statements, records them and
makes such filings available to the public by on-line access through computer terminals.

7.   The Registry is maintained by the State of Florida as part of its
comprehensive scheme for the regulations of security transactions pertaining to personal
property (Code) within the State of Florida.  See F.S. § 679.1011, Commentary 1.

8.   The Code defines a "financing statement" to be any filed record relating to
the initial financing statement.  See F.S. § 679.1021 (mm).

9.   The Code further defines an Account debtor to be a person obligated on an
account.  See F.S. § 679.1021 (c).

10.   The State of Florida has adopted a system of notice filing in order to perfect
an interest in personal property.  See § 679.5021, Comment 2.  The required notice is the
filing of a financing statement with the Registry.  Id.   Upon the filing of such a
statement, anyone dealing with the debtor identified in the filing is required to contact the
secured creditor to ascertain the correctness of the claim or, failing that, can lose any
priority in interest. Id  The filing creates a cloud upon the alienability and title of the
Debtor's personal property.  Id.

3

11.   Earlier versions of the Code required the debtor to execute the financing statement but this requirement was removed to encourage paperless filings.  See F.S. § 679.5021, Comment 3.

12.   The purpose of a financing statement is to give notice to all interested parties that someone claims a secured interest in the personal property listed.  See § 679.5021, *Matter of Glasco, Inc*., 642 F.2d 793 (11th Cir. 1981).  A financing statement is sufficient to provide notice to all who intend to enter into a financial relationship with the debtor that there is a claim on the debtor's property if the statement contains the name of the creditor, the debtor, and a description of the property.  See F.S. § 679.5031.

13.   A person may file a financing statement *only if* the debtor authorizes such a filing.  See F.S. § 679.509(1)(a).

14.   A financing statement may be amended.  See F.S. § 679.512.

15.   Communication to a filing office such as the Registry and acceptance by that office constitutes a filing.  See F.S. § 679.516 (1).

16.   The filing office has the power to refuse to accept a proffered filing under certain situations.  See F.S. § 679.516 (2).

17.   On or about March 10, 2008, Defendant Robinson caused to be filed an initial Financing statement with the Registry wherein the Defendant claims a security interest in all personal property of Marcia Waldron and Shannon Craven securing a debt owed him in the amount of $1,500,000,000.00.  It was accepted by the defendant FloridaUCC, Inc., assigned number 200807827329, and was made available on line

4

indexed under the names Marcia Waldron and Shannon Craven.  See initial financing statement, Exhibit 3.

18.   In that financing statement defendant Robinson referred to the existence of a security agreement creating said interest.  Id.

19.   Neither Marcia Waldron nor Shannon Craven have any financial relationship with Defendant Robinson, have not authorized the filing of said financing document, have created no security document and any assertions to the contrary are false and fraudulent. See Exhibits 1, ¶ ,  2, ¶ .

20.   On or about May 19, 2008, Defendant filed a financing statement amendment with the Defendant FloridaUCC, Inc., referencing the initial financing statement identified in ¶ 17, above, securing a debt in the amount of $ 74,000,000.00 and purporting to add security.  See Exhibit 4.  See also answer of FloridaUCC, Inc.

21.   Neither Marcia Waldron nor Shannon Craven have any financial relationship with  Defendant Robinson, have not authorized the filing of said financing document, have created no security document and any assertions to the contrary are false and fraudulent. See exhibit 1, ¶ 5, 6, Exhibit 2, ¶ 5, 6.

22.   There exist no debtor creditor relationship that would authorize or justify Defendant Robinson's filing of the financing instruments identified above.

Respectfully Submitted;

THOMAS F. KIRWIN
UNITED STATES ATTORNEY

/s/ Benjamin W. Beard
BENJAMIN W. BEARD
Assistant United States Attorney
Florida Bar No.0145746
21 East Garden Street
Pensacola, FL  32502
850-444-4000

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion For Summary

Judgment was served by first class mail on Pro Se Russel Edouard Donaldson Robinson,

at his address of record, Reg. No. 04776-094, FCI Jesup, Federal Correctional Institution,

2680 301 South Jesup, Georgia 31599 and Larry Simpson, Esq., Attorney for defendant

FLORIDAUCC, INC., at his address of record , P. O. Box 10368, Tallahassee, Florida

32302, this March 16, 2009.

/s/ Benjamin W. Beard
BENJAMIN W. BEARD
Assistant U.S. Attorney

6