Pay To The United States Treasury:  EPN #580195059

MONEY ORDER

U.S.$144.00, [ONE HUNDRED & FOURTY FOUR , U.S. DOLLARS]

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                              Case No. 4:09cv15-RH/WCS

FLORIDAUCC INC., and
RUSSELL EDOUARD DONALDSON ROBINSON,

    Defendants.

_____

ORDER

On January 14, 2009, the United States filed a complaint against two Defendants for common law fraud, 28 U.S.C. § 1331, and under the Florida Deceptive and Unfair Practices Act, FLA. STAT. § 501.201, and the Florida False Claims Act, FLA. STAT. § 68.082. Doc. 1. Plaintiff seeks injunctive and declaratory relief only. *Id.* Jurisdiction is provided for in 28 U.S.C. § 1345, for all cases commenced by the United States.

On March 11, 2009, a notice of appearance was filed along with FloridaUCC's answer. Doc. 7. Defendant FloridaUCC, Inc., has waived service of process, doc. 4.

ACCEPTED FOR VALUE AND CONSIDERATION IN SUM CERTAIN, US$144.00/100, OF
RETURNED FOR DISCHARGE, IN ACCORDANCE WITH HOUSE JOINT RESOLUTION 192, OF
JUNE 05, 1933, U.C.C. 1-104, 1-308, 3-415, 3-419,
Exemption ID: 580195059 ALL ENDORSEMENTS FRONT & BACK.
Dated: March 12, 2009, As New Payee-Payor
/s/ Russell D. Robinson
Authorised Representative, Exempt
Preferred-Stock, Priority
From Levy.

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
TALLAHASSEE, FLA.
2009 MAR 26 PM 1:56
FILED

The *pro se* Defendant, Russell Edouard Donaldson Robinson, filed a "response via writ praecipe" to the complaint on February 17, 2009. Doc. 5. Defendant Robinson's response asserts that this Court is without jurisdiction as there is no controversy. *Id.*, at 1. Defendant Robinson further asserts that he is not the Defendant in this case and the Court lacks personal jurisdiction. *Id.*, at 1-2. Defendant's assertions are frivolous and by his filing of the response, Defendant Robinson has submitted to the jurisdiction of this Court. This response is not construed as a motion to dismiss, but merely as a response to the complaint.

Moreover, Defendant Robinson is referenced in the complaint by his assigned Bureau of Prisons registration number, 04776-094. Doc. 1, p. 2. That is the same number provided by Defendant Robinson in the signature block in his response, although notably he lists this as his "POW #" instead of BOP number. Doc. 5, p. 4. Defendant Robinson has appeared in this action.

Defendant Robinson also attempted to refuse summons by stamping it "returned for discharge." Doc. 5, pp. 5-6. Therefore, in response to that filing, the United States has submitted proof of service, an executed summons, showing service on Defendant Russell on February 19, 2009. Doc. 6. The returned summons reflects a total cost of $144.00 for service of process. Under Rule 4(d), a defendant who fails to waive formal service of process may be required to pay "the costs subsequently incurred in effective service on the defendant unless good cause for the failure be shown." FED. R. CIV. P. 4(d)(2). Thus, as Defendant Robinson's actions necessitated having the United States Marshal formally serve process on the Defendant, he will be required to show good

cause as to which he should not be required to pay the costs incurred in making formal service.

The United States filed a motion for summary judgment on March 16, 2009.  Doc. 9.  Supporting the motion is a separate statement of material facts as to which Plaintiff contends there is no genuine dispute and supporting exhibits.  Doc. 10.  The remainder of this order sets forth Defendants obligations in responding to the motion.  Pursuant to FED. R. CIV. P. 56, Defendants are advised that they have until **May 1, 2009,** in which to file a response in opposition to the motion for summary judgment.

A plaintiff may move for summary judgment, with or without supporting affidavits, upon all or any part of his claim.  FED. R. CIV. P. 56(a).  Summary judgment shall be granted in favor of Plaintiff "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  "A claimant is entitled to summary judgment only when no genuine issue of material fact exists, the papers on the motion demonstrate the right to relief, and every one of the defenses asserted legally are insufficient."  10B CHARLES A. WRIGHT, ARTHUR R. MILLER, & MARY K. KANE, FEDERAL PRACTICE AND PROCEDURE § 2734 (1998).

Defendants are advised that in response to Plaintiff's summary judgment motion, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate 'specific facts showing that there is a genuine issue for trial.' "  Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), cert. denied 522 U.S. 1126 (1998), quoting

Case No. 4:09cv15-RH/WCS

Celotex, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(c), (e)). The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e)[1] permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c). Owen v. Wille, 117 F.3d at 1236; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553. Thus, Defendants must show "there is an absence of evidence to support the [Plaintiff's] case or by showing that [Plaintiff] will be unable to prove its case at trial." Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).

Defendants should also be aware that in demonstrating a genuine issue of fact for trial, case law has defined an "issue of fact" as being "material" if it "might affect the outcome of the case." Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259 (11th Cir. 2004). Furthermore, a factual issue "is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Western Group Nurseries, Inc. v. Ergas, 167 F.3d 1354, 1361 (11th Cir. 1999), citing Anderson, 477 U.S. at 248, 106 S.Ct. at 2510. Thus, "the mere existence of some alleged factual dispute between the parties will not defeat" a summary judgment motion; there must be a "genuine issue of material fact." Anderson, 477 U.S. at 247-248, 106 S.Ct. at 2510.

---

[1] Evidentiary material which is acceptable in opposition to the motion includes sworn affidavits, sworn documents, or other evidence indicating the existence of a genuine issue of material fact. Fed. R. Civ. P. 56(e). Sworn affidavits offered in opposition to the motion must be based on personal knowledge, set forth such facts as would be admissible into evidence, and affirmatively show that the affiant is competent to testify to the matters stated therein. Fed. R. Civ. P. 56(e).

Case No. 4:09cv15-RH/WCS

As required by the local rules of this Court, N.D. Fla. Loc. R. Rule 56.1(A), Plaintiff submitted a statement of material facts as to which it is contended there is no genuine issue of fact. Doc. 10 In opposing summary judgment, Defendants shall (in addition to submitting other materials permitted by the Federal Rules, discussed above) submit a separate statement of facts as to which Defendants contend there *is* a genuine issue of fact. Rule 56.1(A). The statement must reference the "source of the relied upon material fact, by page, paragraph, number, or other detail sufficient to permit the court to readily locate and check the source." *Id.* Facts set forth in the Plaintiff's statement will be deemed admitted (if supported by record evidence) unless controverted by Defendants' statements. *Id.*

The Court will take the motion for summary judgment under advisement on **May 1, 2009**, and will enter a report and recommendation on or after that date.[2] Defendants must file all argument and evidence in opposition to summary judgment, or seek additional time to do so, before that date.

If either Defendant contends that discovery is necessary prior to ruling on the summary judgment motion, an appropriate motion must be filed by **May 1, 2009**. The motion must set forth good cause for conducting discovery and identify what specific discovery is necessary.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion for summary judgment, doc. 9, will be taken under advisement on **May 1, 2009**. A report and recommendation will be entered on or after

---

[2] Any delay in entry of a report and recommendation after that date will be due to the volume of other pending cases ready for adjudication earlier than this case.

Case No. 4:09cv15-RH/WCS

Page 6 of 6

that date, and any additional material in support of, or in opposition to, summary judgment must be filed before that date.

2. If any party contends that discovery is necessary before resolution of the summary judgment motion, the party must file a motion demonstrating good cause for conducting discovery as explained in this order on or before **May 1, 2009**.

3. As Defendant Robinson has attempted to refuse summons, doc. 5, and formal service of process was carried out, see doc. 6, Defendant Robinson shall have until **April 17, 2009**, in which to show good cause as to why he should not be required to pay the $144.00 costs for service of process pursuant to FED. R. CIV. P. 4(d)(2).

4. The Clerk shall return this file to the undersigned upon Defendant Robinson's filing of his response to this order, or no later than April 17, 2009.

**DONE AND ORDERED** at March 19, 2009.

/s/ à William C. Sherrill, Jr.
WILLIAM C. SHERRILL, JR.
UNITED STATES MAGISTRATE JUDGE

Case No. 4:09cv15-RH/WCS

---

ACCEPTED FOR VALUE AND CONSIDERATION, NON-NEGOTIABLE
RETURNED FOR DISCHRGE, IN ACCORDANCE WITH, HOUSE JOINT RESOLUTION 192,
JUNE 05, 1933, A.D., & U.C.C. 1-104, 3-419, 1-308, US$144.00 OF $100.00 OF
ALL ENDORSEMENTS FRONT & BACK CERTAIN TRUST

Dated: March 23, 2009, A.D.:
Exemption Pre-Paid ID# 580195059

/s/ Russell E.D. Robinss /s/ LeGAL
Authorised Representative, Pre-Paid LeGAL
Preferred-Stock, Priority Exempt
From Levy.