**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**UNITED STATES OF AMERICA,**

    Plaintiff,

vs.                                          Case No. 4:09cv15-RH/WCS

**FLORIDA UCC INC., and
RUSSELL EDOUARD DONALDSON ROBINSON,**

    Defendants.

_____/

**O R D E R**

The *pro se* Defendant, Russell E.D. Robinson, has recently submitted several documents. The last document received, doc. 14, is Defendant Robinson's attempt to show that he has paid the Government for the costs of service as recently ordered, doc. 11. This document does not contain a certificate of service and is nonsensical. Doc. 14. Defendant Robinson may not simply type out the words "money order" and contend he has paid money.

Defendant Robinson also filed a document which is untitled. Doc. 13. That is not proper. Rule 5.1(B) sets forth that the "title of the pleading, motion, or other paper shall immediately follow the style of the case and shall include a clear, concise and specific

identification of the document being filed, the filing party, and in the case of responsive filings, the document to which the response is made." N.D. Fla. Loc. R. 5.1(B)(2). Plaintiff must comply with the rules of this Court and proper title all documents submitted. Additionally, the document Defendant Robinson submitted is also frivolous. Doc. 13. It purports to be some type of "offer of communication" but is nonsense.

Defendant Robinson filed a document titled as an "Affidavit." Doc. 12. It purports to be in opposition to the Government's motion for summary judgment, doc. 9. To the degree Defendant Robinson provides any facts as would be admissible in evidence, based on personal knowledge, and which demonstrates that the affiant is competent to testify, the document may be reviewed in ruling on the summary judgment motion pursuant to Fed. R. Civ. P. 56(d)(1). Still, the deadline provided for ruling on the pending motion was set at May 1, 2009. Doc. 11. The parties shall have until May 1, 2009, to provide any additional support for, or opposition against, the pending summary judgment motion.

The United States submitted an executed summons showing service on Defendant Russell on February 11, 2009. Doc. 6. The returned summons reflects a total cost of $144.00 for service of process. Pursuant to Fed. R. Civ. P. 4(d)(2), Defendant Russell will be required to pay the costs incurred in effecting service as he has failed to show good cause, despite the opportunity to do so. Doc. 11. Defendant Robinson shall submit payment to the United States Marshal on or before **May 1, 2009**, in the amount of $144.00.

Accordingly, it is **ORDERED**:

1.  Plaintiff's motion for summary judgment, doc. 9, will be taken under advisement on **May 1, 2009**. A report and recommendation will be entered on or after that date, and any additional material in support of, or in opposition to, summary judgment must be filed before that date.

2.  If any party contends that discovery is necessary before resolution of the summary judgment motion, the party must file a motion demonstrating good cause for conducting discovery as explained in this order on or before **May 1, 2009**.

3.  As Defendant Robinson refuse to waive service and formal service of process was carried out, *see* doc. 6, and as Defendant Robinson failed to show good cause as to why he should not be required to pay the costs for service of process pursuant to FED. R. CIV. P. 4(d)(2), Defendant Robins shall submit $144.00 to the United States Marshal's Service by **May 1, 2009**.

4.  The Clerk shall return this file to the undersigned upon Defendant Robinson's filing of his response to this order, or no later than May 1, 2009.

**DONE AND ORDERED** on April 9, 2009.

<u>s/    William C. Sherrill, Jr.</u>
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**