IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,	CASE NO.: 4:09cv15/RH/WCS

    Plaintiff,

v.

FLORIDAUCC, INC.,
and
RUSSELL EDOUARD DONALDSON ROBINSON,

    Defendants.
_____/

**FLORIDAUCC'S RESPONSE TO THE GOVERNMENT'S
MOTION FOR SUMMARY JUDGMENT**

    FloridaUCC, Inc. ("FloridaUCC") files this Response to the Government's Motion for Summary Judgment and states:

**I.    INTRODUCTION.**

    FloridaUCC has no objection to the entry of summary judgment in the above styled case; but files this Response for the purpose of clarifying the issues as to FloridaUCC's role in the controversy and to assist the Court in determining the appropriate relief to be provided, should the Government's motion be granted.

**II.    FLORIDA HAS ADOPTED THE "OPEN DRAWER" FILING SYSTEM FOR THE PROCESSING OF UCC FILINGS.**

    In 2001, the Florida Legislature adopted Section 679.527, Fla. Stat. which authorized the privatization of the Uniform Commercial Code ("UCC") filing functions formerly performed by the Florida Secretary of State. Following adoption of that statute, FloridaUCC, a private vendor,

contracted with the Secretary of State to perform the administrative and operational functions of the filing office for the Florida Secured Transaction Registry (the "Registry"). In that capacity, FloridaUCC performs ministerial functions relating to the filing, indexing, and retrieval of UCC filings for the State of Florida.

The Government contends that neither of the two government employees (Clerk Marcia Waldron, and Deputy Clerk Shannon Craven) authorized the Defendant Robinson to file UCC financing statements with the Registry purporting to create a lien on their personal property. FloridaUCC has no knowledge of any relationship between those government employees and Defendant Robinson and FloridaUCC has no basis to controvert those allegations. It is important to note, however, that under Florida law, FloridaUCC plays no role in determining whether a particular filing was, in fact, authorized by the alleged debtor. To the contrary, Florida law prevents FloridaUCC's involvement in that inquiry.

When Section 679.527 was enacted by the Florida Legislature in 2001, the Legislature also adopted certain revisions to Article 9 of the Uniform Commercial Code. The adopted revisions reflected a substantial change in the way UCC filings were processed in the State of Florida. A copy of the Senate Staff Analysis and Economic Impact Statement of April 9, 2001 ("Staff Analysis") is attached to this Response and provides insight into the legislative intent behind the privatization of the Registry and the adoption of the revisions to Article 9. In essence, the Article 9 revisions eliminated any "substantive review" of UCC filings by the filing office and instead adopted an "open drawer" filing system. As a result, the filing office function became "ministerial" in nature and filing officers were "not responsible for the legal sufficiency of the information that a filer presents for filing." Staff Analysis at pg. 3.

One reason Florida adopted the "open drawer" filing system is to eliminate filing delays for the benefit of the business and banking community of the State of Florida. In that regard, FloridaUCC processes thousands of UCC filings per week and is required to process those filings within three (3) business days of receipt. Section 679.519(8), Fla. Stat. Realizing that "time is of the essence" in the filing of liens and to encourage a move to paperless filings, Florida law does not require a debtor's signature on a UCC filing to indicate that the debtor has authorized the filing. See Section 679.509, Fla. Stat., Comment 3 ("Records filed in the filing office do not require signatures for their effectiveness"); see also, Section 679.5021, Fla. Stat. Comment 3 ("this Article contains no signature requirement. . . . the filing office is neither obligated nor permitted to inquire into issues of authorization.")

Thus, the filing office is given neither the time nor the authority to determine whether a debtor has authorized a particular filing. Instead, Florida law sets forth remedies in the event of an unauthorized filing. For example, Section 679.625 Fla. Stat. authorizes the recovery of actual and statutory damages for an unauthorized filing and Section 679.518 Fla. Stat., authorizes the debtor to file a "correction statement" to contest a document that was "wrongfully filed." Moreover, under Section 679.513(3)(d), Fla. Stat., the debtor can file a termination statement when, "[t]he debtor did not authorize the filing of the initial financing statement," which under Section 679.513(4), Fla. Stat. means that "the financing statement to which the termination statement relates ceases to be effective," i.e. the security interest or lien is extinguished.[1]

---

[1] The liens involved in this case can be terminated in short order by the filing of a UCC termination statement with the Registry. While the termination statement would not remove the filing from the Registry, the legal effect is the same because the lien is extinguished. There is no charge for filing a termination statement.

The statutory scheme removes any discretion that FloridaUCC may have to reject any particular filing on the basis that it was not authorized by the debtor. <u>See</u> Section 679.520, Fla. Stat. (the filing office "may refuse to accept a record for filing only for a reason set forth in [the statute].") As such, FloridaUCC does not engage in a determination of whether an alleged debtor did or did not authorize the filing of a UCC financing statement. Instead, under Florida law, "[t]he question of authorization is one for the court, not the filing office." Section 679.509, Fla. Stat. <u>Comment 2</u>.

For these reasons, the suggestion that FloridaUCC failed to provide proper "safeguards" to prevent the filing of the liens in this case as alleged in paragraph 5 of the Complaint is misplaced. To the contrary, FloridaUCC's obligation is clearly set forth in the statute and does not include making a substantive review of a filing to determine whether an alleged debtor did or did not authorize the filing to be made.

**III.   SHOULD THIS COURT GRANT THE RELIEF REQUESTED BY THE GOVERNMENT, THE COURT SHOULD ORDER THE FILINGS REMOVED FROM THE REGISTRY.**

The Registry is an on-line database that contains Florida UCC filings. The Registry filings are public records under Chapter 119 Florida Statutes. There is no Florida law that would permit the destruction or expungement of any record in the Registry. To the contrary, FloridaUCC is required to maintain the filings, "for at least 1 year after the effectiveness of the financing statement has lapsed." Section 679.522, Fla. Stat.

The Government's complaint in this case is that the unauthorized filings by Defendant Robinson created a lien on the property of the two government employees and otherwise damaged their credit. <u>See</u> paragraphs 5 and 8 of the Complaint. Under Florida law, a UCC lien is perfected by the filing of a financing statement with the Registry. Section 679.3101(1), Fla. Stat. The priority

of the lien is then determined by the "time of filing" of the financing statement. Section 679.322(1)(a), Fla. Stat.

FloridaUCC can, upon entry of a court order, remove the records[2] from the Registry, thus eliminating any alleged lien or claim to a security interest that may exist. In other similar cases, FloridaUCC has been ordered, following removal of the record from the Registry, to mark the record as "null and void" and to attach a copy of the court order to the record. In addition, FloridaUCC can programmatically "flag," or identify, any subsequent filing that may be attempted by Defendant Robinson against the two government employees, so that the Government's counsel can be immediately notified.

Rather than destroy or expunge the record, it is important that the record be maintained by FloridaUCC, so it will be available in the event of subsequent litigation or criminal prosecution. Indeed, it is a felony under both federal and state law to file a fraudulent lien such as the financing statements alleged by the Government in this case. See 18 U.S.C. §1521 and Section 817.155, Fla. Stat. FloridaUCC is the custodian of records for the Registry and can provide certified copies and testimony to authenticate the records, should there be a criminal or civil action filed. Section 679.527(3), Fla. Stat.

Thus, the relief the Government seeks can be granted through the removal of the records from the Registry, along with other safeguards such as those set forth above, without requiring that the

---

[2]Removing a record from the Registry requires FloridaUCC to take the Registry off-line, which is an involved process resulting in the Registry being unavailable during the time required to execute the removal process. FloridaUCC prefers to perform that type of responsibility, along with other required maintenance, on a monthly basis to avoid interruption of service to the customers and minimize data base performance issues. Accordingly, FloridaUCC would request thirty (30) days in which to effectuate the Court order; but should the Court determine that a shorter time frame is necessary, FloridaUCC will certainly comply.

records be destroyed or otherwise expunged.

    S/ Larry D. Simpson  
LARRY D. SIMPSON  
Florida Bar No. 176070  
JUDKINS, SIMPSON & HIGH  
Post Office Box 10368  
Tallahassee, Florida 32302-2368  
(850) 222-6040; FAX (850) 561-1471  
Attorney for FLORIDAUCC, INC.

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 30th day of April, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Benjamin W. Beard, U.S. Attorney's Office, 21 E. Garden Street, Suite 300, Pensacola, Florida 32502-5675. I further certify that on this 30th day of April, 2009, I mailed the foregoing document and notice of electronic filing by U.S. mail to the following non CM/ECF participants: Russell Edouard Donaldson Robinson 04776-094, Jesup Correctional Institution, 2600 Hwy 301 S, Jesup, GA 31599.

    S/ Larry D. Simpson  
LARRY D. SIMPSON