IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA**

    **Plaintiff**

v.                                                                                    Case No.  4:09cv15/RH/WCS

**FLORIDAUCC  INC.**
**and**
**RUSSELL EDOUARD DONALDSON ROBINSON**

    **Defendants**

## MOTION TO STRIKE OR TO DISMISS

Comes now the United States of America and pursuant to Rule 12 (b) and 12 (f), Fed. R. Civ. P., moves to either dismiss said pleadings or to strike said pleadings filed by the Defendant Robinson on the grounds that they are insufficient to provide a defense, states no cause of action upon which relief may be granted, are immaterial, impertinent, and contains slanderous material which by their nature are scandalous.  In support of said motion, below is the government's memorandum.

## MEMORANDUM IN SUPPORT OF MOTION TO STRIKE OR DISMISS

Before the Court are three "pleadings" filed by the defendant Robinson on or about April 24, 2009 . While, as addressed below, the government is uncertain precisely

what these documents truly are, they appear to be a "bond" identified by the fictitious number 01-09-666-REIDR (doc16 ), a "commercial notice of amended complaint; bill in equity" presumably suggesting that the defendant is filing it as a cross claim (doc 18 ), and an "amended complaint bill in equity" (doc 17 ).  Candidly, each pleading, although purportedly to be in English, is unintelligible as a legal document.  Each fails either to present a cause of action upon which relief may be granted or a viable defense to the government's complaint further contain scandalous unproven and unprovable assertions.  While, taken as a whole, they present nothing, each will be addressed individually, under separate headings.  The government would note that the three pleadings, taken either individually or as a whole, are of such a nature as to constitute nothing more than intentional efforts to harass, or for some other improper purpose and the claims are frivolous.  Further, the defendant has and can have no factual evidence with which to support the claims.  Each of the three documents violate the provisions of Rule 11(b), Fed. R. Civ. P.  and warrant sanctions. The government will be filing an appropriate motion shortly.

    **1. Document 16, entitled "bond."**

This two page document is both a nullity and, so far as the government can ascertain, is neither required, nor serves any useful purpose.  On the upper right hand corner immediately above a one cent stamp appears the legend: "NOT A POINT OF LAW FLAGED [SIC] IN COMMERCE A U.S. S.E.C. TRACE FLAG: 580195059." There appears no explanation for this legend and the legend has no legal significance, so

far as the government can determine.

The caption appears to suggest that the purpose of the document is to present a bond for "Russell E.D. Robinson ® Ens Legis Trust Co.,to somehow secure the defendant's "cross claim."[1]  This is further buttressed by the defendant's reference to "Bond No. 01-09-666-REIDR," a reference number which has no known or recognized alpha-numeric bond identification and therefore, given the defendant's circumstances, is presumably made up.

In the first paragraph of the body of the "bond" the defendant states that the "bond" "extends" an " offer of communication underwritten" by the defendant's "authorised [sic] representative" "unlimited liablity/private exemption ID #  580195059."

In the second paragraph, the defendant nonsensically asserts that there exist no "de jure money of account," that the defendant is suffering harm as a direct consequence of the criminal actions of two non parties' in the performance of  their duties, and that the defendant's only recourse is to seek "Common Law Commercial Lien/Tort."   As the Court is aware, there is no such thing as a  "common law commercial lien/tort" recognized in federal court.  Further, while it may be possible, the defendant does not assert that the government is responsible for the conduct of the non-parties.  Thereafter, the defendant continues his foolishness but a limiting legend suggesting that the "bond"

---

[1] While it is dangerous to infer anything from the pleadings, it may be the prisoner is using the (R) in the caption to denote ® or registered trademark, as the defendant has, from time to time, suggested that his name is subject to trademark and has further suggested that the defendant filing the pleadings is somehow a different person than the defendant named in the complaint..

3

can not be reproduced without prior written permission.

In short, the "bond" says nothing except scandalous assertions regarding some form of alleged criminal misconduct on the part of non-parties. It should be stricken from the record for that reason.

2. **Document 18, "Commercial Notice of Amended Complaint; Bill in Equity"**

This document tracks the same nonsense as contain in the bond and appears to be some form of unsworn affidavit. It appears to seek a Chancery in Equity, rather than a court of law. Of course, the difficulty with that effort is that for many years now in federal court, Equity and Law have been merged.[2] Pleadings such as "Bills in Equity" are no longer recognized as proper pleadings. See Rule 7, Fed. R. Civ. P. The defendant refers to the pleading in the caption as an "amended complaint." That reference has no meaning whatsoever as the defendant cannot amend the plaintiff's pleadings and there exists no initial pleading from the defendant which can be amended. The defendant also refers to the pleading in the caption as a "cross claim." By definition, it can not be a "cross claim." See Rule 13 (g), Fed. R. Civ. P. Were one to look past the defendant's words and construe the "bill of equity" to be a "counterclaim," the document fares no better. By definition, it is neither a

---

[2]Without belaboring the point, Equity rules were merged with the Federal Rules of Civil Procedure at least by 1937. See Equity Rules Reference Table, as appears prior to Rule 1, Fed. R. Civ. P. and the 1937 Advisory Committee notes to Rule 7, Fed. R. Civ. P.

4

mandatory nor a permissive counterclaim.[3]  See Rule 13 (a) and (b), Feed. R. Civ. P. Rather, it is simply another slanderous document making references to unrecognized, nonexistent "private commerce clause guarantees."  In the body of the document, the defendant seeks to distinguish himself from the Robinson that was sued, referring to himself as the "cross plaintiff/third party intervenor.  In a word, such an effort is simply absurd.

The remainder of the document is equally absurd as it makes references to "exhaustion of administrative remedies" [page 3, ¶ 10, . Page 4. ¶ 18, "Judgment in Estoppel," [page 11, ¶ 11], the waiver of all "defenses under contract" [page 4, ¶ 16], and other such nonsense while at the same time making scandalous assertions having no basis in fact.  Shorn of its absurdities, the only remaining matters are the libelous statements. In short, the "Commercial Notice of Amended Complaint; Bill in Equity" is neither notice of anything nor a pleading recognized by Federal law.[4]  It says nothing except scandalous assertions regarding some form of alleged criminal misconduct.  It should be stricken from the record for that reason.

    3. **Document 17, "Amended Complaint Bill in Equity"**

The final document filed by the defendant is equally absurd.  It attempts to set out

---

[3]The government will note, in passing, that even were a legitimate pleading, it was untimely filed, thereby requiring the Court's leave to even file.

[4]If the purpose of the pleading is to begin a new independent action against the two employees involved, the defendant should be required to properly file such a complaint stating a real cause of action, and obtain service over the two employees, as required by the rules.

a cause of action against two federal employees who are not parties to the instant litigation and attempts to raise issues not otherwise involved in the instant litigation.

WHEREFORE, based on the above, the government prays for the entry of an order either striking the three pleadings or dismissing them

                                        Respectfully submitted,

                                        THOMAS F. KIRWIN
                                        United States Attorney

                                        /S/ *Benjamin W. Beard*
                                        BENJAMIN W. BEARD
                                        Assistant United States Attorney
                                        Florida Bar No.0145746
                                        21 East Garden Street
                                        Pensacola, FL  32501
                                        850-444-4000

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been transmitted by way of Electronic filing and United States Mail to Larry Simpson, Esq., Attorney for FLORIDAUCC, INC., P. O. Box 10368, Tallahassee, Florida 32302 and to Russell E.D. Robinson, Pro Se, Prisoner No. 04776-094, FCI Jesup, 2680 U.S. Highway 301 South, Jesup, Georgia 31599, this 4th day of May, 2009.

/s/ *Benjamin W. Beard*
Benjamin W. Beard
Assistant United States Attorney