**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**


**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**vs.**                                        **Case No. 4:09cv15-RH/WCS**

**FLORIDAUCC INC., and**
**RUSSELL EDOUARD DONALDSON ROBINSON,**

    **Defendants.**

_____/


## O R D E R

The *pro se* Defendant, Russell E.D. Robinson, has recently submitted a document which is untitled, and which purports to be a "bond," doc. 16. The document does not contain Defendant Robinson's original signature. The Defendant simultaneously filed a document entitled "jurisdiction and venue," doc. 17, and another document intended as a "commercial notice of amended complaint; bill in equity." Doc. 18. Those three documents were immediately followed by a motion to strike, doc. 20, filed by Plaintiff. In the alternative, Plaintiff moves to dismiss the documents in that they are "insufficient to provide a defense, states no cause of action upon which relief may be granted, are immaterial, impertinent, and contains slanderous material . . . . " *Id.*

The untitled document, presumably Defendant Robinson's "bond" does not comply with the local rules of this Court.  It is not properly titled, its purpose is unknown, and it does not contain the original signature of the party filing it.  N.D. Fla. Loc. R. 5.1(B).  It is stricken as being in non-compliance with court rules.  Furthermore, Defendant has previously been advised of this rule, *see* doc. 15, and refuses to comply. In the future, if Defendant submits a document which does not contain his original signature and which does not have a "clear, concise and specific identification of the document being filed" - a proper title - the document will be returned to the Defendant without filing.  *Pro se* or not, all parties shall comply with court rules.

The "amended complaint," doc. 17, is presumably Defendant's attempt to state a counter claim against two persons who are not part of this action, as pointed out by Plaintiff.  Doc. 20, pp. 5-6.  The document is not properly filed in this case, it is incoherent, and the motion to strike as also granted.

Defendant Robinson's "commercial notice," doc. 18, is frivolous.  Defendant cannot bring claims against individuals who are not part of this action absent a Rule 19 or 20 motion for joinder.  No motion was filed.  Nevertheless, Defendant states no facts showing he has any claim against any person.  The document is immaterial and impertinent, to the extent it is even coherent.

The federal rules provide that "upon motion made by a party within 20 days after the service of the pleading . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f).  Plaintiff's motion to strike was timely filed.  *Cf.* docs. 16-18, 20.  As noted above, Defendant Robinson's filings are immaterial and frivolous.  As "it is clear

that it can have no possible bearing upon the subject matter of the litigation," the documents may be stricken.  2 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE, ¶ 12.21(2) (2d ed.), *cited with approval* Craig Funeral Home, Inc. v. State Farm Mut. Auto. Ins. Co., 254 F.2d 569, 572 (5th Cir. 1958)(Rives, J., concurring specially).  Plaintiff's motion to strike will be granted.

Accordingly, it is

**ORDERED:**

1.  Plaintiff's motion to strike, doc. 20, is **GRANTED.**

2.  Any further documents submitted by Defendant Robinson which do not contain a certificate of service, his original signature, or is not properly titled and captioned for this Court shall be returned by the Clerk of Court with a deficiency order and will not be filed.

3.  Defendant Robinson shall submit $144.00 to the United States Marshal's Service by **May 29, 2009**, as previously Ordered, doc. 15, pursuant to FED. R. CIV. P. 4(d)(2).

**DONE AND ORDERED** on May 6, 2009.


**s/     William C. Sherrill, Jr.**
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**