IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**UNITED STATES OF AMERICA,**

    Plaintiff,

vs.                                              Case No. 4:09cv15-RH/WCS

**FLORIDAUCC INC., and
RUSSELL EDOUARD
DONALDSON ROBINSON,**

    Defendants.

                                       /


## REPORT AND RECOMMENDATION

Plaintiff, the United States of America, initiated this action on January 14, 2009. Doc. 1. After both Defendants were served with process, doc. 6, or waived service, doc. 4, Plaintiff filed a motion for summary judgment. Doc. 9. Defendants were given notice under Rule 56 and N.D. Fla. Loc. R. 56.1 to respond to the motion. Doc. 11. Defendant FloridaUCC, Inc. (hereafter "Florida UCC") has responded to the motion. Doc. 19. The *pro se* Defendant, Russell E.D. Robinson, has not filed a response to the summary judgment motion.

The summary judgment motion is unopposed.  Defendant FloridaUCC "has no objection to the entry of summary judgment in" this case.  Doc. 19, p. 1.  The only other Defendant, Russell E.D. Robinson, a federal prisoner currently incarcerated in FCI, Jesup, Georgia, has not responded to the motion and the deadline has passed.

**Summary judgment standard of review**

Plaintiff may move for summary judgment, with or without supporting affidavits, upon all or any part of the claim.  Fed. R. Civ. P. 56(a).  Summary judgment shall be granted in favor of Plaintiff "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "A claimant is entitled to summary judgment only when no genuine issue of material fact exists, the papers on the motion demonstrate the right to relief, and every one of the defenses asserted legally are insufficient."  10B CHARLES A. WRIGHT, ARTHUR R. MILLER, & MARY K. KANE, FEDERAL PRACTICE AND PROCEDURE § 2734 (1983).

An issue of fact is "material" if it could affect the outcome of the case.  Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259 (11th Cir. 2004) (citations omitted).  All reasonable inferences must be resolved in the light most favorable to the nonmoving party.  Watkins v. Ford Motor Co., 190 F.3d 1213, 1216 (11th Cir. 1999).

"Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' "  Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998), *quoting*

Fed. R. Civ. P. 56(c), (e).  The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c).  <u>Owen v. Wille</u>, 117 F.3d at 1236.

**The Complaint, doc. 1**

Plaintiff seeks injunctive relief in this action, requesting that certain documents be removed from the files of FloridaUCC and that no further filings be accepted from Defendant Robinson.  Doc. 1.  The complaint alleged Defendant Robinson fraudulently filed documents in the public records for the State of Florida against two federal employees: Marcia M. Waldron and Shannon L. Craven, both of whom work in the Clerk's Office for the Third Circuit Court of Appeals.  *Id.*  Defendant Robinson has had no business dealings with those individuals and falsified the documents he submitted to the FloridaUCC indicating those persons were indebted to him.  On March 10, 2008, Defendant Robinson claimed they owed him "one billion, five hundred million dollars" and contending he had a "valid lien against all assets" of the two federal employees. Doc. 1, pp. 3-4; *see also* Exhibit 1 (doc. 1-4).[1]  Defendant Robinson filed documents in the FloridaUCC registry on May 19, 2008, purporting to "secure an additional debt in the amount of Seventy-four Million dollars."  Doc. 1, p. 4; *see also* Exhibit 2 (doc. 1-4). Nether Ms. Waldron nor Ms. Craven entered into any financial relationship with Defendant Robinson, and the financial documents falsified by Defendant Robinson have

---

[1] Hereafter, all references to exhibits are to those attached to document 1, unless otherwise noted.  References are to the paper copy and page number, followed by a reference (in parenthesis) to the corresponding document and page in the electronic docket.  Both citations are referenced as a pro se litigant will not have access to the court's electronic docket.

negatively impacted the credit of those federal officials.  *Id.*, at 3.  The only contact these persons have had with Defendant Robinson is in the performance of their duties in the Clerk's Office.  *Id.*

**Motion for Summary Judgment, doc. 9**

The motion asserts that Defendant Robinson "fraudulently and falsely filed financing statements in the State of Florida public records against [federal] employees, Marcia M. Waldron, Clerk of Court for the United States Court of Appeals for the Third Circuit and Shannon L. Craven, Deputy Clerk of Court for the United States Court of Appeals for the Third Circuit."  *Id.*, at 1-2.  The false statements "have adversely affected each's credit ratings" and the United States seeks summary judgment.  *Id.*, at 2.

**Uncontested Facts, doc. 10**

Defendant Robinson is a federal prisoner who has filed documents with the United States Court of Appeals for the Third Circuit since 2000.  Doc. 10, pp. 1-2.  Defendant Robinson has filed direct criminal appeals, mandamus actions, and appeals in civil rights cases.  Doc. 10, p. 2.  Marcia Waldron, Clerk of Court for the United States Court of Appeals for the Third Circuit, and Ms. Shannon Craven, Deputy Clerk of Court, are responsible for docketing submissions and communicating to the parties, when necessary.  *Id.*, at 2-3.  FloridaUCC is a corporation which, pursuant to a contract with the State of Florida, maintains "the Florida Secured Transaction Registry" which records Uniform Commercial Code filings and makes them available to the public. Doc. 10, p. 3.

Under the registry's system of "notice filing," a financing statement is filed to "give notice to all interested parties that someone claims a secured interest in the personal

property listed." *Id.*, at 3-4.  The financing statement "creates a cloud upon the alienability and title of the Debtor's personal property." *Id.*, at 3.  Pursuant to Florida law, a financing statement may be filed only if the debtor authorizes the filing.  Doc. 10, p. 4, citing FLA. STAT. § 679.509(1)(a).  The filing office has authority to refuse a proffered filing in certain situations.  Doc. 10, p. 4, citing FLA. STAT. § 679.516(1).

The March 10, 2008, filing with the FloridaUCC by Defendant Robinson "claims a security interest in all personal property of Marcia Waldron and Shannon Craven securing a debt owed him in the amount of $1,500,000,000.00."  Doc. 10, p. 4.  On May 19, 2008, Defendant Robinson filed another statement with FloridaUCC claiming a "debt in the amount of $74,000,000.00 and purporting to add security."  *Id.*, at 5.  Neither Marcia Waldron nor Shannon Craven have any financial relationship with Defendant Robinson" nor have they authorized the filing of any financing statements.  *Id.*, at 5; Waldron Declaration (doc. 10-2); Craven Declaration (doc. 10-3).  As there is no debtor-creditor relationship between these parties, Defendant Robinson's filings were fraudulent.

**FloridaUCC's Response, doc. 19**

While FloridaUCC does not dispute the summary judgment motion, additional facts have been presented as a matter of clarification.  Doc. 19.  The Florida Legislature privatized the UCC's filing functions and, pursuant to FLA. STAT. § 679.527, the Florida Secretary of State contracted with FloridaUCC to "perform the administrative and operational functions of the filing office for the Florida Secured Transaction Registry (the 'Registry')."  *Id.*, at 2.  "FloridaUCC has no knowledge of any relationship between" Defendant Robinson and Craven or Waldron, and has "no role in determining whether a

particular filing was, in fact, authorized by the alleged debtor." *Id.* FloridaUCC states that Florida law in 2001 adopted an "open drawer" filing system; it functions in a "ministerial" capacity, and is "not responsible for the legal sufficiency of the information that a filer presents for filing." *Id.*, at 2. There is no obligation under Florida law for FloridaUCC to make a "substantive review of a filing to determine whether an alleged debtor did or did not authorize the filing to be made." *Id.*, at 4.

FloridaUCC cites to FLA. STAT. § 679.625 as setting forth remedies for unauthorized filings. Doc. 19, p. 3. In particular, a debtor could filed a "correction statement" to challenge a filing, or a "termination statement" when a filing was not authorized. *Id.* The filing of a termination statement under FLA. STAT. § 679.513(3)(d), and (4), which will terminate the effectiveness of a financing statement and extinguish a lien or security interest. *Id.* There is no charge for filing such a statement. *Id.*, n.1. Doing so, however, means the original filing statement would not be removed from the public records, although "the legal effect is the same because the lien is extinguished." *Id.*

Nevertheless, FloridaUCC advises that, "upon entry of a court order," the records challenged here could be removed from the Registry. *Id.*, at 5. Previously, court orders have required the removed record to be marked "null and void" with a copy of the court order attached to the record. *Id.* FloridaUCC, as the custodian of Registry records, contends that records should be maintained in the event of subsequent litigation or

criminal prosecution of Defendant Robinson,[2] rather than being destroyed or expunged. *Id.*

**Analysis**

Plaintiff submitted a "separate, short and concise statement of the material facts as to which the Government contends there is no genuine issue to be tried" as required by N.D. Fla. Loc. R. 56.1. Doc. 10. Defendant FloridaUCC does not dispute the facts as presented. Doc. 19.

Both Defendants have responded in this action and, accordingly, personal jurisdiction exists. Venue is proper in the Northern District of Florida as the filings were made in Tallahassee, which is within the territorial jurisdiction of this Court. 28 U.S.C. § 1391(b). Subject matter also exists to decide this matter pursuant to 28 U.S.C. § 1345, 1346(b)(1). Federal courts have subject matter jurisdiction over actions filed by the United States as Plaintiff. 28 U.S.C. § 1345.

The undisputed evidence here is that Defendant Russell Edouard Donaldson Robinson filed two false financial statements with FloridaUCC. Defendant Robinson had no legal basis for filing a lien, and his fraudulent conduct has undoubtedly harmed two federal employees. The two employees had no business or financial relationship with Defendant Robinson. Defendant Robinson's conduct is harassment, it was done intentionally to retaliate, and for the purpose of causing harm to the employees. Defendant Robinson's conduct appears to be felonious under 18 U.S.C. § 1521.[3]

---

[2] Federal and state law make it a felony to file a fraudulent lien such as was filed by Defendant Robinson. 18 U.S.C. § 1521; FLA. STAT. § 817.155. Doc. 19, p. 5.

[3] That statute provides that "whoever files . . . in any public record or in any private records which is generally available to the public, any false lien or encumbrance

Federal courts previously confronted with prisoners who abuse the judicial process and retaliate against those public officials who simply are performing the duties required by their position, have granted injunctive relief.  Doc. 9, *citing* United States v. McKinley, 53 F.3d 1170, 1171-72 (10th Cir. 1995); Monroe v. Beard, 536 F.3d 198, 203 (3rd Cir. 2008), *citing to e.g.,* United States v. Joiner, 418 F.3d 863 (8th Cir. 2005) (affirming convictions for two federal prisoners who filed false UCC Financing Statements against a federal district judge and Assistant United States Attorney).  In McKinley, the Tenth Circuit affirmed the district court's decision to release the liens and enjoin the prisoner from filing "similar liens or encumbrances against the property of government officials in the future."  53 F.3d at 1172, *citing* United States v. Ekblad, 732 F.2d 562 (7th Cir. 1984).  The harassment of judicial branch employees by a prisoner, simply for performing the duties of that employment cannot be tolerated.  The baseless actions of prisoners exacting revenge on those persons who do not act in a way desired by the prisoner should meet, in all cases, with swift justice.  The effects on one's credit report from such actions may have repercussions not yet felt.  It is not difficult, however, to imagine the stressful effects on the employees who have been maligned by the actions of Defendant Robinson.  Justice is required for those public officials who serve the public and then are targeted precisely for that service.

---

against the real or personal property of an individual described in section 1114, on account of the performance of official duties by that individual, knowing or having reason to know that such lien of encumbrance is false . . . shall be fined under the title or imprisoned for not more than 10 years, or both."  18 U.S.C. § 1521.  Section 1114 describes the official as "any officer or employee of the United States or of any agency in any branch of the United States Government . . .  while such officer or employee is engaged in or on account of the performance of official duties, or any person assisting such an officer or employee in the performance of such duties . . . ."  18 U.S.C. § 1114.

In arriving at that justice, it is suggested that the debtors could file termination statements concerning the liens.  The officials, however, should not be put to such measures, nor should they be required to wait any further for relief from the utterly frivolous liens filed against them.

The Defendant FloridaUCC should be ordered to remove all filings made by Defendant Russell Edouard Donaldson Robinson, in whichever fashion he may submit his name, against Marcia Waldron and Shannon Craven.  Such removal should be directed to happen within ten working days from the date the order adopting this report and recommendation is adopted.[4]  The removal shall be marked with the statement, "The United States District Court for the Northern District of Florida has found this financing instrument to be null, void, and of no legal effect."  The order entering summary judgment to Plaintiff should be attached to the record.  Furthermore, Defendant FloridaUCC should be required to search its database and records to determine if any other Financing Statements or other such instruments have been filed by Defendant Robinson that are not addressed in this action.  Defendant FloridaUCC should be required to search its database and records to determine if any other filings have been made against Marcia M. Waldron and Shannon Craven, beyond the two filings discussed in this case.  Defendant FloridaUCC should be required to notify the Government of any other such statements purporting to create a debt between Defendant Robinson and other public officials.  Finally, Defendant Robinson should be

---

[4] Ten working days is shorter than the thirty days requested by FloridaUCC to effectuate the court order, doc. 19, p. 5, n.2, but considering the delay that will be involved between issuance of this report and recommendation and issuance of the order adopting it by the assigned district judge, FloridaUCC should be able to perform that task with minimal impact considering this advance notice.

permanently enjoined from filing any other liens, encumbrances, UCC Financing Statements, or similar instruments in any federal or state agency, department, or court, without the prior approval of this Court.  *See* United States v. Gordon, 2006 WL 2724908, at *4 (S.D. Ga., 2006).  Defendant Robinson's harassment of public servants will not be permitted to continue.  The order adopting this report and recommendation should declare all liens and Financing Statements to be null and void and of no legal effect.  Any further acts should be met with expeditious justice, including possible prosecution for such illegal conduct.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for summary judgment, doc. 9, be **GRANTED**, and the order adopting this report and recommendation provide the following injunctive relief: (1) Defendant FloridaUCC be **ORDERED** to (a) remove all filings made by Defendant Russell Edouard Donaldson Robinson, in whichever fashion he may submit his name, against Marcia M. Waldron and Shannon Craven within ten days from the date of service of the court's order; (b) such removal be marked with the statement, "The United States District Court for the Northern District of Florida has found this financing instrument to be null, void, and of no legal effect"; (c) attach the order entering summary judgment to Plaintiff to the removal; (d) search the database and records of FloridaUCC to determine if any other Financing Statements or other such instruments have been filed by Defendant Robinson that are not addressed in this action; (e) search the database and records to determine if any other filings have been made against Marcia M. Waldron and Shannon Craven; (f) notify the Government of any other such statements purporting to create a debt between

Defendant Robinson and other public officials; (2) Defendant Robinson be **ENJOINED** permanently from filing any other liens, encumbrances, UCC Financing Statements, or similar instruments in any federal or state agency, department, or court, without the prior approval of this Court.  It is further **RECOMMENDED** that the Court **DECLARE** the Financing Statements filed on March 10, 2008, and May 19, 2008, by Russell Edouard Donaldson Robinson to be false and fraudulent.

    **IN CHAMBERS** at Tallahassee, Florida, on May 6, 2009.


                         s/      William C. Sherrill, Jr.
                         **WILLIAM C. SHERRILL, JR.**
                         **UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**