**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

UNITED STATES OF AMERICA,

v.                                                                     CASE NO.  4:09cv15-RH/WCS

FLORIDAUCC, INC., and RUSSELL
EDOUARD DONALDSON ROBINSON,

　　　　　Defendants.

_____/

**ORDER DIRECTING CLERK TO REJECT
<u>UNAUTHORIZED DOCUMENT</u>**

The defendant Russell Edouard Donaldson Robinson fraudulently filed

financing statements against the Clerk of the Court of the United States Court of

Appeals for the Third Circuit and against a deputy clerk of that court.  Mr.

Robinson is serving a sentence in federal prison and has litigated cases in the Third

Circuit, but he has had no other contact with the federal employees against whom

he filed the financing statements.  The defendant FloridaUCC, Inc.

("FloridaUCC") is a private entity that, under a contract with the State of Florida,

maintains the records of filings under the Uniform Commercial Code in Florida.

The United States filed this case seeking the removal of the fraudulent

financing statements and other relief.  In due course a permanent injunction and final judgment were entered.

Mr. Robinson now has tendered a document entitled "EX-PARTE FILING PURSUANT TO F.R.Ev., R. 201 et seq."  The document is mostly gibberish but apparently purports to discharge the judgment.  The document fails to comply with the court's rules because a copy was not served on the other parties.  More fundamentally, there is no substantive basis for the filing.  The injunction remains in effect, and Mr. Robinson of course is powerless to rescind it.  A party is not entitled to place in the court file a document fraudulently purporting to discharge a judgment that has been entered in accordance with law.  A party may request judicial notice under Federal Rule of Evidence 201, but the text of Mr. Robinson's document asserts no proper request for judicial notice of anything.

Accordingly,

IT IS ORDERED:

The clerk must not docket the "EX-PARTE FILING PURSUANT TO F.R.Ev., R. 201 et seq."  The clerk must retain the document for 60 days and must provide a copy to an attorney of record who so requests within that period.  After

the 60-day period, the clerk may retain the document separately from the court file

or may destroy the document.

SO ORDERED on July 15, 2009.

s/Robert L. Hinkle
United States District Judge